STATE of Utah, Plaintiff and Appellant,

v.

Jason Alan LOWDER, Defendant and Appellee.

No. 930412.

Supreme Court of Utah.

Dec. 16, 1994.

Rehearing Denied Feb. 16, 1995.

---

Jan Graham, Atty. Gen., Carol Clawson, J. Kevin Murphy, Asst. Attys. Gen., Salt Lake City, for plaintiff.

Loni F. DeLand, Vernal, for defendant.

DURHAM, Justice:

This is an appeal from a conviction of aggravated sexual abuse of a child, a first degree felony, in violation of Utah Code Ann. § 76–5–404.1. It raises the following issues: 1. Did the trial court err in convicting defendant of aggravated sexual abuse of a child where there was no finding of intent "to arouse or gratify sexual ... desire?" 2. Did the trial court err in denying defendant's motion to arrest judgment on the basis of the court's findings on the indecent liberties element of the offense? 3. Did the trial court err in denying defendant's motion to enter a conviction of the lesser offense of misdemeanor child abuse? Finding no error, we affirm.

■ While in the sole care of defendant, the victim, who was less than two years old, suffered twelve specific injuries, eight of them to her genital area and buttocks. The trial court found that defendant had touched the victim's buttocks and genitalia, that he "took extreme indecent liberties" with her with the intent to cause her substantial bodily pain, and that he caused her bodily injury. The court further found that there was no intent to cause emotional pain and no intent to arouse or gratify the sexual desire of any person. The dispositive question is therefore whether the child sexual abuse statute requires any sexual intent or motivation by the perpetrator as an essential element of the crime. The interpretation of a statute is a question of law, which we review for correctness. *State v. Larsen*, 865 P.2d 1355, 1357 (Utah 1993).

■ Section 76–5–404.1 reads in pertinent part:

> (1) A person commits sexual abuse of a child if ... the actor touches the anus, buttocks, or genitalia of any child ... or otherwise takes indecent liberties with a child ... with intent to cause substantial emotional or bodily pain ... or with the intent to arouse or gratify the sexual desire of any person....

Defendant argues that the "touching" prohibited by the statute must be "sexual touching" and that there inheres in the phrase "otherwise takes indecent liberties" a legislative requirement that only sexually motivated conduct is prohibited. The plain language of the statute does not establish such a requirement.

In *State v. Bishop*, 753 P.2d 439 (Utah 1988), *overruled in part on other grounds by State v. Menzies*, 889 P.2d 393 (1994), we considered a related but inverse argument, namely, that the "indecent liberties" language required a touching. We held that the

touching clause and the indecent liberties clause were disjunctive. *Id.* at 482. In describing the purpose of the sexual abuse statute, as distinguished from the sexual exploitation statute found at Utah Code Ann. § 76–5a–3(1)(a), we said, "[T]he sexual abuse statute proscribes conduct involving the touching of children and the taking of indecent liberties with children." *Id.* at 480. We confirm that reading of the statute: Its plain language prohibits *either* the touching of a child's anus, buttocks or genitalia *or* the taking of indecent liberties with a child, if done with the intent to cause substantial emotional or bodily pain.

Defendant argues that the legislature could not have intended to label and punish "merely" assaultive behavior with no sexual intent, as child sexual abuse. This argument is unpersuasive in light of the plain language of the statute, which appears to do precisely that when the assault is directed to the sexual parts of a child's body. The State's brief refers to the "legislature's evident choice to penalize persons who injure the 'private parts' of children's bodies more severely than it does those who otherwise injure children.... That choice seems fundamentally reasonable." We are constrained to agree that such a choice is within the proper province of legislative policy making.

■ In light of the foregoing conclusion about the meaning of the statute, we need not treat defendant's challenges to the trial court's findings regarding indecent liberties. Defendant's conviction may be sustained solely on the trial court's findings, entirely supported by the record, that he touched the victim's buttocks and genitalia with the intent to cause substantial bodily pain and did cause bodily injury. Likewise, defendant's argument that he should have been convicted of the lesser offense of child abuse is without merit. Utah's child abuse statute, Utah Code Ann., § 76–5–109 (Supp.1994), requires only general physical injury to a child's body (some forms of the offense do not even require touching, such as subsection 76–5–109(1)(c)(vii), (x), which refers to any conduct resulting in developmental delay, starvation, or failure to thrive). Section 76–5–404.1, by contrast, requires touching of specific bodily

parts. Specific statutes control over more general ones. *Bishop*, 753 P.2d at 479–80. Further, "[i]t is not unconstitutional for a state to impose a more severe penalty for a particular type of crime than the penalty which is imposed with respect to the general category of crimes to which the special crime is related or of which it is a subcategory." *State v. Clark*, 632 P.2d 841, 843 (Utah 1981).

■ Two remaining points raised by defendant merit comment. The first is that the literal construction of the statute we follow here might permit prosecution for child sexual abuse of any adult who strikes a child on the buttocks. The point is troublesome and is certainly one the legislature might usefully address. It has no application to defendant's conviction, however, in light of the severity and nature of the injuries he inflicted on his victim. The second issue relates to the claimed disproportionality of the minimum mandatory sentence required for child sexual abuse. Again, we acknowledge the legitimacy of the concern. A defendant convicted of causing far more serious injuries under the general child abuse statute (involving, for example, broken bones or permanent injury) would be subject at the maximum to sentencing for a second degree felony. Utah Code Ann. § 76–5–109(1), (2) (Supp.1994). One who touches a child's sexual parts with the intent to cause substantial pain and causes *any* "bodily injury" is, under the aggravated sexual abuse statute, subject to a first degree felony conviction that includes a minimum mandatory sentence of at least three years. Utah Code Ann. § 76–5–404.1(3), (4). The trial court in this case was of the opinion that the minimum mandatory sentence constituted a "substantial injustice" to defendant. The wisdom and fairness (as opposed to the constitutionality) of sentencing statutes, however, is a matter for the legislature, not for the courts. This court has consistently upheld the sentencing provisions of section 76–5–404.1(4) against constitutional challenge. *State v. Gerrish*, 746 P.2d 762, 762 (Utah 1987); *State v. Kaus*, 744 P.2d 1375, 1376 (Utah 1987); *see also State v. Egbert*, 748 P.2d 558, 559, 560 (Utah 1987) (upholding constitutionality of minimum mandatory sentencing upon convictions of aggravated sexu-

al assault); *State v. Bishop*, 717 P.2d 261, 264, 265 (Utah 1986) (upholding constitutionality of minimum mandatory sentencing upon conviction of sodomy on a child).

Defendant's conviction and sentence for aggravated sexual abuse are affirmed.

ZIMMERMAN, C.J., STEWART, A.C.J., and HOWE and RUSSON, JJ., concur.