# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
       *Plaintiff-Appellee,*

v.

CRAIG ALLEN LADWIG,
       *Defendant-Appellant.*

No. 04-30393

D.C. No.
CR-03-00232-RHW

OPINION

Appeal from the United States District Court
for the Eastern District of Washington
Robert H. Whaley, District Judge, Presiding

Submitted December 7, 2005*
Seattle, Washington

Filed December 27, 2005

Before: Ronald M. Gould and Marsha S. Berzon,
Circuit Judges, and William W Schwarzer,** District Judge.

Opinion by Judge Gould

---

*This panel unanimously finds this case suitable for decision without oral argument. *See* FED. R. APP. P. 34(a)(2).

**The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

16723

## COUNSEL

Christina L. Hunt, Federal Defenders of Eastern Washington and Idaho, Spokane, Washington, for defendant-appellant Craig Allen Ladwig.

Stephanie J. Lister, Assistant United States Attorney, Spokane, Washington, for plaintiff-appellee United States of America.

## OPINION

GOULD, Circuit Judge:

We consider whether a felony conviction for making a harassing telephone call under Washington state law, R.C.W. § 9.61.230(3)(b) (2002),[1] is a predicate offense under the

---

[1]At the time Ladwig pled guilty, R.C.W. § 9.61.230 stated, in relevant part:

Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). We hold that it is.

## I

On November 4, 2003, a federal grand jury in the Eastern District of Washington indicted Craig Allen Ladwig on two counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Ladwig pled guilty to Count Two of the indictment on March 3, 2004.[2] The Presentence Report, prepared pursuant to Fed. R. Crim. P. 32, indicated that the ACCA should apply because Ladwig had three prior convictions for committing violent felonies. These convictions were under Washington law, and included a conviction for making a harassing telephone call under R.C.W. § 9.61.230(3)(b)[3] and

---

> Every person who, with intent to harass, intimidate, torment or embarrass any other person, shall make a telephone call to such other person . . . (3) Threatening to inflict injury on the person or property of the person called . . . shall be guilty . . . of a class C felony if . . . (b) That person harasses another person under subsection (3) of this section by threatening to kill the person threatened or any other person.

The statute was amended effective July 1, 2004, but we consider the version in effect when Ladwig pled guilty.

[2]Count Two of the indictment stated the following:

> On or about September 22, 2003, in the Eastern District of Washington, CRAIG A. LADWIG having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting commerce, firearms, to wit: a Lakefield Mark II, .22LR caliber rifle, serial number 247154 and a J.C. Higgins brand model 29, .22LR caliber rifle, with no serial number, which firearms had theretofore been transported in interstate commerce; all in violation of 18 U.S.C. §§ 922(g) and 924.

[3]On February 12, 2002, Ladwig pled guilty to one felony count of making a harassing telephone call under R.C.W. § 9.61.230(3)(b) and was sentenced to 14 months imprisonment.

convictions for second degree burglary and attempted second degree rape.

On September 3, 2004, the district court conducted a sentencing hearing, and heard argument on whether Ladwig's convictions for second degree burglary and making a harassing telephone call qualified as predicate offenses under the ACCA.[4] The district court concluded that Ladwig's conviction for making a harassing telephone call was a predicate felony under the ACCA, relying on the Washington statute criminalizing the making of harassing telephone calls, the text of the ACCA, and *United States v. Bonner*, 85 F.3d 522, 527 (11th Cir. 1996) ("Because the use or threatened use of force is an element of the crime and he threatened to use violence, making a threatening telephone call is a crime of violence under [U.S.S.G.] § 4B1.2."). The district court sentenced Ladwig to 200 months imprisonment and 5 years supervised release, and imposed a $100 special penalty assessment. The only issue in this timely appeal is whether Ladwig's felony conviction for making a harassing telephone call under R.C.W. § 9.61.230(3)(b) is a predicate felony under the ACCA.

## II

The district court's conclusion that a prior conviction may be used for purposes of sentencing enhancement is reviewed de novo. *United States v. Lopez-Montanez*, 421 F.3d 926, 928 n.2 (9th Cir. 2005).

## III

**[1]** The ACCA provides:

---

[4]Ladwig did not contest at the sentencing hearing that his conviction for attempted second degree rape qualified as a predicate offense under the ACCA. Also, at that hearing Ladwig conceded that the second degree burglary conviction qualified as a predicate felony under the ACCA.

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant probationary sentence to, such person with respect to the conviction under section 922(g).

18 U.S.C. § 924(e)(1). The ACCA defines the term "violent felony" as "any crime punishable by imprisonment for a term exceeding one year . . . that— (i) has as an element the use, attempted use, or threatened use of physical force against the person of another . . . ." *Id.* § 924(e)(2)(B).

We have previously held that we take a "categorical approach" to assessing whether a prior felony conviction meets the ACCA's definition of "violent felony." *United States v. Wofford*, 122 F.3d 787, 792 (9th Cir. 1997) ("In applying § 924(e), this court must take a 'categorical approach.' That is, the court should 'look[ ] only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions.' ") (quoting *Taylor v. United States*, 495 U.S. 575, 600 (1990)).[5] In determining

---

[5]However, "*Taylor* also permits us 'to go beyond the mere fact of conviction in a narrow range of cases.' In cases where a state statute criminalizes both conduct that does and does not qualify as a crime of violence, we review the conviction using a modified categorical approach." *United States v. Wenner*, 351 F.3d 969, 972 (9th Cir. 2003) (citation omitted). "Under the modified categorical approach, we conduct a limited examination of documents in the record of conviction to determine if there is sufficient evidence to conclude that a defendant was convicted of the elements of the generically defined crime even though his or her statute of conviction was facially overinclusive." *Chang v. INS*, 307 F.3d 1185, 1189 (9th Cir. 2002). Because Ladwig was convicted under a felony portion of the Washington statute, R.C.W. § 9.61.230(3)(b), we apply the categorical approach to that section of the statute, the elements of which were necessarily satisfied by his guilty plea. We need not in this case apply the modified categorical approach.

what constitutes a violent felony, federal law, rather than state law, is dispositive. *United States v. Sherbondy*, 865 F.2d 996, 1005 (9th Cir. 1998) ("[W]e look to the federal definition when determining whether a defendant was convicted of a violent felony.").

**[2]** We have not previously decided whether making a harassing telephone call qualifies as a violent felony for the purposes of the ACCA. The Washington statute generally makes it a gross misdemeanor to make harassing telephone calls, but it characterizes the conduct as a felony if the caller threatens to kill. *See* R.C.W. § 9.61.230(3)(b). The only way to be convicted of a felony under this subsection is to threaten to kill.[6] *See id.* Because all conduct that R.C.W. § 9.61.230(3)(b) treats as a felony is conduct that qualifies as a violent felony under the ACCA, a felony conviction under this provision qualifies as a violent felony under the categorical approach. *See Taylor*, 495 U.S. at 602 ("We think that the only plausible interpretation of § 924(e)(2)(B)(ii) is that, like the rest of the enhancement statute, it generally requires the trial court to look only to the fact of conviction and the statutory definition of the prior offense.").[7] Stated differently,

---

[6]A separate subsection of the statute classifies the making of a harassing telephone call as a felony under circumstances not at issue here. R.C.W. § 9.61.230(3)(a) (classifying the conduct as a felony if the caller "has previously been convicted of any crime of harassment, as defined in R.C.W. 9A.46.060, with the same victim or member of the victim's family or household or any person specifically named in a no-contact or no-harassment order in this or any other state . . . ."). In *United States v. Moreno-Hernandez*, 419 F.3d 906 (9th Cir. 2005), we distinguished between conduct that is felonious because of the offender's legal history and conduct that is felonious because of "offense-based aggravating characteristics." *Id.* at 914. We held that "the entire sentence, including its offense-based aggravating characteristics, must be factored into our determination of whether or not it is a 'felony.' " *Id.* The subsection under which Ladwig was convicted, R.C.W. § 9.61.230(3)(b), is an "offense-based aggravating characteristic" that we may consider. We are not here presented with the question whether R.C.W. § 9.61.230(3)(a) is offense-based.

[7]Because the Washington statute is not "facially overinclusive," that is, because it does not criminalize, as a felony, conduct that is not a "violent

R.C.W. § 9.61.230(3)(b) in all cases requires for conviction and felony punishment that there has been a threat to kill, so the minimum elements of this statutory provision necessarily include threatened use of violence. Ladwig's conviction for making a harassing telephone call satisfies the ACCA definition of "violent felony" because he was imprisoned for more than one year for a crime "that— (i) has as an element the use, attempted use, or threatened use of physical force against the person of another . . . ." 18 U.S.C. § 924(e)(2)(B)(i).

We find further support for our conclusion in *Sherbondy*. There, we considered whether a conviction under California Penal Code section 136.1(c)(1), "which makes it a felony to 'prevent or dissuade' a witness or victim from testifying in a trial '[w]here the act is accompanied by force or by an express or implied threat of force or violence, upon a witness or victim or any third person *or the property* of any victim, witness, or any third person,' " is to be considered a violent felony under the ACCA. *Sherbondy*, 865 F.2d at 1003 (quoting CAL. PENAL. CODE § 136.1(c)(1)) (emphasis added). Using a categorical approach, we reversed the district court's determination that Sherbondy's conviction was a violent felony under the ACCA because the California statute criminalized threats against both property and persons. *Id.* at 1010-11. In contrast to the California statute in *Sherbondy*, R.C.W. § 9.61.230(3)(b) is not overinclusive because it makes only a threat to kill another person a felony; threats against property, or threats against persons short of a threat to kill, are not felonies under R.C.W. § 9.61.230(3)(b). Under the logic of *Sherbondy* and under the categorical approach of *Taylor*, Ladwig's conviction qualifies as a predicate offense under the ACCA.

**[3]** Ladwig argues that his conviction under R.C.W. § 9.61.230(3)(b) does not qualify as a crime of violence for

felony" under the ACCA, we need not address whether R.C.W. § 9.61.230(3)(b) is a "violent felony" under the modified categorical approach.

two reasons. First, he argues that "[i]t is nonsensical to believe that a person who may use the telephone to harass someone should be considered a violent offender." The ACCA is written in the disjunctive, applying to any felony "that has as an element the use, attempted use, *or* threatened use of physical force against the person of another . . . ." 18 U.S.C. § 924(e)(2)(B)(i) (emphasis added). By using the disjunctive "or," Congress explicitly provided that the ACCA applies to the "threatened use of physical force against the person of another," *id.*, even absent actual or attempted physical force against the person of another.

[4] We also consider persuasive the decision of the United States Court of Appeals for the Eleventh Circuit, relied upon by the district court, wherein the Eleventh Circuit considered whether a felony conviction under 18 U.S.C. § 115(a)(1)[8] is a "crime of violence" under § 4B1.2 of the United States Sentencing Guidelines. *Bonner*, 85 F.3d at 526-27. The court in *Bonner* concluded: "Because the use or threatened use of force is an element of the crime and he threatened to use violence, making a threatening telephone call is a crime of violence under § 4B1.2." *Id.* at 527.[9] We agree with this reasoning of the Eleventh Circuit. We reject Ladwig's argument that it is "nonsensical" to conclude that making a harass-

---

[8] 18 U.S.C. § 115(a)(1) provides, in relevant part: "Whoever . . . (B) threatens to assault, kidnap, or murder, a United States official . . . with intent to impede, intimidate, or interfere with such official . . . shall be punished as provided in subsection (b)." Subsection (b)(4) provides that "A threat made in violation of this section shall be punished by a fine under this title or imprisonment for a term of not more than 10 years, or both, except that imprisonment for a threatened assault shall not exceed 6 years." *Id.* § 115(b)(4).

[9] "[T]he basic definition of 'violent felony' under section 924(e)(2)(B)(i) & (ii) is identical to the definition of 'crime of violence' under U.S.S.G. § 4B1.2(1)(i) & (ii)." *United States v. Lonczak*, 993 F.2d 180, 183 n.5 (9th Cir. 1993). Thus we may consult cases construing section 4B1.2 of the Sentencing Guidelines when considering whether a crime is a "violent felony" under the ACCA.

ing telephone call is a "violent felony" for purposes of the ACCA, because the definition of "violent felony" in the ACCA squarely applies to prior convictions that include as a necessary element of the offense the "threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i).

Second, Ladwig argues that because the State of Washington does not consider the making of a harassing telephone call to be a violent offense, *see* R.C.W. § 9.94A.030(48) (defining a number of specific offenses as "violent offenses," but not including making harassing telephone calls), a conviction under R.C.W. § 9.61.230(3)(b) is not a "violent felony" under the ACCA. However, we look to federal law, not state law, to determine whether the required elements of a state law conviction are sufficient to make the conduct a "violent felony" within the meaning of the ACCA. *See Sherbondy*, 865 F.2d at 1005. That the State of Washington has chosen not to consider the making of harassing telephone calls in general to be a violent felony does not trump the Congressional determination, in the ACCA, that the conduct defined by Congress in section 924(e)(2)(B) shall be considered a violent felony for purposes of federal sentencing under the ACCA.

## IV

**[5]** On January 12, 2005, after Ladwig submitted his opening brief but before the Government submitted its response, the U.S. Supreme Court decided *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005). Neither party has addressed whether *Booker* applies to this case. However, our precedent permits us to consider a *Booker* violation *sua sponte*. *See United States v. Ameline*, 409 F.3d 1073, 1084 (9th Cir. 2005) (en banc) ("Even where the briefs filed by the parties do not raise a *Booker* objection, we conclude that the issue may be raised and should be considered."). Nonetheless, we have held that enhancing a defendant's sentence based on prior convictions does not violate the Sixth

Amendment as interpreted by *Blakely v. Washington*, 542 U.S. 296 (2004), and *Booker. United States v. Von Brown*, 417 F.3d 1077, 1078 (9th Cir. 2005). Accordingly, we hold that the ACCA, as applied to Ladwig, does not present constitutional error.[10]

In conclusion, we affirm the district court's determination that Ladwig's prior conviction for making a harassing telephone call under R.C.W. § 9.61.230(3)(b) is a "violent felony" within the meaning of the ACCA.

**[6]** AFFIRMED in part, jurisdiction retained pending supplemental briefing relating to discretionary sentencing.

---

[10]We will deal in a separate unpublished disposition with the propriety of a remand under *Booker* and *Ameline*.