**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Francisco Javier OROZCO–VEGA,**
**Defendant—Appellant.**

No. 04–30419.

United States Court of Appeals,
Ninth Circuit.

Submitted March 6, 2006.*

Decided March 28, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Michelle R. Millard, Esq., Office of the U.S. Attorney, Pocatello, ID, for Plaintiff–Appellee.

Steven V. Richert, Esq., Federal Defenders Eastern Washington and Idaho, Pocatello, ID, for Defendant–Appellant.

Before: FERNANDEZ, TASHIMA, and PAEZ, Circuit Judges.

## MEMORANDUM **

■ Francisco Orozco–Vega ("Orozco") appeals the sentence imposed by the district court following his conviction by guilty plea for illegal reentry following deportation, in violation of 8 U.S.C. §§ 1326(a). Orozco contends that the district court erred in imposing a 12–level increase in his base offense level, based on a prior conviction for a felony drug trafficking offense, pursuant to United States Sentencing Guidelines Manual ("USSG") § 2L1.2(b)(1)(B). We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We remand pursuant to United States v. Ameline, 409 F.3d 1073 (9th Cir.2005) (en banc), because it is unclear whether the district court would have imposed the same sentence had it known the sentencing guidelines were advisory.

The district court's conclusion that a prior conviction is a qualifying offense for purposes of increasing a sentence is reviewed de novo. United States v. Ladwig, 432 F.3d 1001, 1003 (9th Cir.2005); United States v. Vidal, 426 F.3d 1011, 1014 (9th Cir.2005).

■ The government was not required to prove beyond a reasonable doubt that Orozco suffered a prior conviction.[1] See, e.g., United States v. Brown, 417 F.3d 1077, 1078–79 (9th Cir.2005) (per curiam) (rejecting the argument that the fact of prior convictions had to proved beyond a reasonable doubt because United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), did not change the rule in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), which "carves out an exception for proving the fact of a prior conviction").

■ Orozco's prior conviction for possession of marijuana for sale, pursuant to California Health & Safety Code § 11359, qualifies categorically as a drug trafficking offense for purposes of USSG § 2L1.2(b)(1)(B). The cases on which Orozco relies, United States v. Rivera–Sanchez, 247 F.3d 905, 908 (9th Cir.2001) (en banc), and United States v. Navidad–Marcos, 367 F.3d 903 (9th Cir.2004), are distinguishable because the statutes of conviction in those cases criminalized a broad range of conduct. See Rivera–Sanchez, 247 F.3d at 908 (stating that Cal. Health & Safety Code § 11360(a) was "an extremely broad statute" and that "[a] conviction under the section can be supported by a charge of simple transportation of marijuana for personal use"); Navidad–Marcos, 367 F.3d at 907–08 (concluding that a conviction under Cal. Health & Safety Code § 11379 did not facially qualify as a drug

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

1. Because the parties are familiar with the facts, we do not recite them here except as necessary to aid in understanding this disposition.

trafficking offense because it criminalized "more than the 'manufacture, import, export, distribution, or dispensing of a controlled substance,' or possession with intent to do the same, as required by a 'drug trafficking' offense under § 2L1.2(b)(1)(A)"). By contrast, Orozco's statute of conviction, § 11359, is very specific and does not criminalize conduct that does not qualify as a drug trafficking offense.[2]

The sentence is remanded for the district court to determine whether resentencing is appropriate, now that the sentencing guidelines are advisory. *See Vidal*, 426 F.3d at 1017 (remanding for further proceedings in light of *Booker* and *Ameline*, although the district court correctly determined that the appellant was convicted of an aggravated felony for purposes of § 2L1.2).

**REMANDED.**

---

**2.** The statute provides, in its entirety:
Every person who possesses for sale any marijuana, except as otherwise provided by law, shall be punished by imprisonment in the state prison.
Cal. Health & Safety Code § 11359.