NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted August 14, 2008
Decided August 22, 2008

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 08-1302

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 07-CR-180 |
| STEVEN ROMERO, *Defendant-Appellant*. | Rudolph T. Randa, *Chief Judge*. |

O R D E R

Steven Romero pleaded guilty to threatening to murder a member of the immediate family of a United States magistrate judge. *See* 18 U.S.C. § 115(a)(1)(A). Because Romero already had at least two felony convictions for crimes of violence, the district court found that he qualified as a career offender, *see* U.S.S.G. § 4B1.1, and sentenced him to 96 months' imprisonment and 3 years' supervised release. Romero filed a notice of appeal, but his appointed attorney has moved to withdraw because he cannot discern a nonfrivolous basis

for appeal. *See Anders v. California*, 386 U.S. 738 (1967). Romero did not respond to our invitation to comment on counsel's motion, *see* CIR. R. 51(B), and so we confine our review to the potential issues identified in counsel's facially adequate brief, *see United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel first considers whether Romero could argue that the district court erred in sentencing him as a career offender. *See* U.S.S.G. § 4B1.1. Counsel, though, is unable to articulate any conceivable disagreement with the court's ruling, and nor are we. A defendant convicted of committing a crime of violence or controlled substance offense qualifies as a career offender if he was at least 18 years old at the time and already had two or more felony convictions for such crimes. *Id.* § 4B1.1(a); *United States v. Rice*, 520 F.3d 811, 820 (7th Cir. 2008). Romero is 36, and his felony convictions for threatening to murder a magistrate judge and threatening to harm a corrections supervisor are crimes of violence, *see United States v. Ladwig*, 432 F.3d 1001, 1005 (9th Cir. 2005) (holding that a threat to harm another person is a crime of violence); *see also* U.S.S.G. § 4B1.2(a) (defining "crime of violence" to include any offense having as an element the "threatened use of physical force against the person of another."), which Romero did not dispute at sentencing. Thus, any argument that Romero is not a career offender would be frivolous.

Counsel next contemplates challenging the reasonableness of Romero's 96-month prison sentence but concludes that any such argument would be frivolous. We agree. A sentence within a correctly calculated guidelines range is presumptively reasonable. *Rita v. United States*, 127 S. Ct. 2456, 2462 (2007); *United States v. Harvey*, 516 F.3d 553, 556 (7th Cir. 2008). In assessing reasonableness, we ask whether the district court gave "meaningful consideration" to the sentencing factors set forth in 18 U.S.C. § 3553(a). *United States v. Shannon*, 518 F.3d 494, 496 (7th Cir. 2008). Here, the district court properly calculated a guidelines range of 77 to 96 months and imposed a term within that range after taking into account the factors in § 3553(a), including Romero's criminal history, mental illnesses, and the danger he presents to others. Counsel cannot identify any basis for concluding that Romero's sentence might be the exception to *Rita*'s presumption of reasonableness, nor can we.

To the extent that counsel has assessed whether Romero was adequately represented in the district court, any potential claim about his lawyer's performance would be better pursued in a collateral proceeding under 28 U.S.C. § 2255 because the claim would turn on matters not in the record, *see, e.g.*, *Massaro v. United States*, 538 U.S. 500, 504-05 (2003); *United States v. Parker*, 469 F.3d 1074, 1075 n.1 (7th Cir. 2006), and because Romero is still represented by the same lawyer, *see United States v. Rezin*, 322 F.3d 443, 445 (7th Cir. 2003).

For the above reasons, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.