**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
      *Plaintiff-Appellee,*

v.

HOMERO TAFOYA-MONTELONGO,
      *Defendant-Appellant.*

No. 10-10177

D.C. No.
4:09-cr-09-00298-
DCB-GEE-1

OPINION

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Submitted May 13, 2011*
San Francisco, California

Filed September 14, 2011

Before: William A. Fletcher and N. Randy Smith,
Circuit Judges, and Richard Mills, District Judge.**

Opinion by Judge Mills

---

*The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

**The Honorable Richard Mills, Senior United States District Judge for
the Central District of Illinois, sitting by designation.

17571

**COUNSEL**

John H. Messing, Tucson, Arizona, for defendant-appellant
Homero Tafoya-Montelongo.

Elizabeth Adair Strange, Assistant U.S. Attorney, Tucson,
Arizona, for plaintiff-appellee United States of America.

**OPINION**

MILLS, Senior District Judge:

Homero Tafoya-Montelongo appeals the 52-month sen-
tence imposed following his open plea of guilty to a single-
count indictment charging him with illegal re-entry after
deportation, in violation of 8 U.S.C. § 1326 as enhanced by
8 U.S.C. § 1326(b)(2), on the basis that he had previously

been removed from the United States following a conviction of an aggravated felony.

Tafoya-Montelongo contends that the district court committed error in determining that his conviction for attempted sexual abuse of a child was a "crime of violence" and applying a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii).

We affirm.

## I.

On July 13, 2007, Tafoya-Montelongo was convicted of two separate offenses in the Third Judicial District Court in Salt Lake City, Utah: (1) attempted sexual abuse of a child, in violation of Utah Code § 76-5-404.1; and (2) unlawful sexual activity with a minor, in violation of Utah Code § 76-5-401. He committed the first offense in April of 2006 and was out on bond when he committed the second offense in July of 2006. The first offense involved a girl under the age of 14. According to a presentence report, Tafoya-Montelongo touched the girl "near her breasts, pushed his hands down her pants, and slightly penetrated her genitals with his finger before she pulled his hand away." In his statement in support of the guilty plea, Tafoya-Montelongo admitted that "on or about April 8, 2006, I attempted to touch the breast of a person under the age of 14 with intent to gratify myself sexually in Salt Lake County, Utah." He was deported following these convictions and left the United States on or about November 15, 2007.

On February 5, 2009, a border patrol agent encountered Tafoya-Montelongo who, upon questioning, admitted to being a Mexican national unlawfully in the United States. He was charged by indictment with illegal re-entry after deportation in violation of 8 U.S.C. § 1326, enhanced by 8 U.S.C.

§ 1326(b)(2).[1] Tafoya-Montelongo eventually entered a plea of guilty to the indictment.

A preliminary Presentence Report (PSR) prepared by the probation office and provided to the parties calculated Tafoya-Montelongo's sentencing range at 15-21 months, after application of a four-level enhancement. The probation office had not yet received documentation of Tafoya-Montelongo's previous convictions. However, the preliminary PSR provided, "Should the defendant be convicted of a violation under 8 U.S.C. 1326(b)(2) and be subject to a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A), the guideline range for imprisonment would be 57 to 71 months."

According to the final PSR, the conviction for attempted sexual abuse of a minor qualified as a "crime of violence" under U.S.S.G. § 2L1.2(b)(1)(A)(ii). Consequently, Tafoya-Montelongo's offense level was increased by 16. The 16-level enhancement was based solely upon his conviction for attempted sexual abuse of a child and not on his conviction for unlawful sexual activity with a minor. The PSR deducted two points for acceptance of responsibility, resulting in a total offense level of 22.[2] Tafoya-Montelongo had a total of 7 criminal history points, which placed him in Criminal History Category IV. Based on a total offense level of 22 and Criminal History Category IV, the Defendant's sentencing guideline range was 63 to 78 months.

Tafoya-Montelongo moved to withdraw his guilty plea because the guideline calculation in the final PSR was significantly higher than the calculation in the preliminary report.

---

[1]That subsection provides that for any alien "whose removal was subsequent to a conviction for commission of an aggravated felony, such alien shall be . . . imprisoned not more than 20 years. . ." 8 U.S.C. § 1326(b)(2).

[2]The Government did not move for an additional point to be deducted under U.S.S.G. § 3E1.1(b) because Tafoya-Montelongo rejected a plea agreement that included an appeal waiver.

The Government objected to the motion, asserting that Tafoya-Montelongo had not met his burden of showing a "fair and just reason" for withdrawal of his guilty plea, *see United States v. Rios-Ortiz*, 830 F.2d 1067, 1069 (9th Cir. 1987), nor was he claiming innocence. The district court held a hearing and denied the motion, finding that Tafoya-Montelongo had been advised of the maximum sentence before he entered his plea.

Tafoya-Montelongo filed several objections to the PSR, only one of which is relevant to this appeal—that the 16-level enhancement was "unwarranted" because he "had a right to rely on the Preliminary Report prepared by U.S. Probation and the subsequent assurances that the Report would not change for sentencing." Tafoya-Montelongo did not argue that his conviction for attempted sexual abuse of a child was not a "crime of violence." The district court overruled the objections and found that the guideline range was correctly calculated to be 63 to 78 months.

The district court initially stated that it found no basis for a guideline departure. After considering all of the circumstances, however, including the fact that this was Tafoya-Montelongo's first illegal re-entry offense, that he may not have grasped the "seriousness" of returning, and the "draft presentence report," the court determined that a variance was warranted and imposed a sentence of 52 months imprisonment. Tafoya-Montelongo's projected release date is November 14, 2012.

On appeal, Tafoya-Montelongo does not challenge the denial of his motion to withdraw his guilty plea. He only challenges the 16-level enhancement, arguing that his conviction for attempted sexual abuse of a minor is not a "crime of violence." He did not raise this objection below.

## II.

The parties do not agree as to the applicable standard of review. A district court's interpretation of the Sentencing

Guidelines is generally subject to *de novo* review. *See United States v. Tucker*, 641 F.3d 1110, 1123 (9th Cir. 2011). The Government argues that because Tafoya-Montelongo never argued below that his prior conviction was not a "crime of violence," the district court's decision should be reviewed for plain error. *See United States v. Ross*, 511 F.3d 1233, 1235 (9th Cir. 2008) (noting that plain error review applies to sentencing errors not raised below). "Relief for plain error is available if there has been (1) error; (2) that was plain; (3) that affected substantial rights; and (4) that seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Cannel*, 517 F.3d 1172, 1176 (9th Cir. 2008).

Prior to sentencing, Tafoya-Montelongo filed an objection to the PSR which raised three main arguments. First, he alleged the PSR erroneously computed his criminal history. He further claimed that he was entitled to the reduction of an additional point for acceptance of responsibility. Tafoya-Montelongo's argument with respect to the 16-level enhancement stated as follows:

> The sixteen points, as "specific Offense Characteristic" enhancement is unwarranted: Defendant had a right to rely on the Preliminary Report prepared by U.S. Probation and the subsequent assurances that the Report would not change for sentencing. The Specific Offense Characteristic should remain at enhancement level four as stated in the original Preliminary Report.

Tafoya-Montelongo did not argue that his prior crime did not constitute a "crime of violence." Because Tafoya-Montelongo did not argue below that his conviction for the attempted sexual abuse of a minor did not qualify as a crime of violence, we review the issue for plain error.

### III.

**[1]** Tafoya-Montelongo contends that the district court erred in imposing the 16-point enhancement, and that the error was prejudicial and affected substantial rights. The Government claims that the district court correctly determined that Tafoya-Montelongo's prior conviction amounted to "sexual abuse of a minor" under one of the generic federal definitions and therefore qualified as a "crime of violence" in calculating his offense level. The applicable guideline provides for a 16-level increase if the defendant was previously deported after a conviction for a "crime of violence." *See* U.S.S.G. § 2L1.2(b)(1)(A)(ii). The definition of "crime of violence" includes "sexual abuse of a minor," and § 2L1.2(b)(1) includes prior convictions for "attempting" to commit such an offense. U.S.S.G. § 2L1.2, cmts. 1(B)(iii) & 5.

**[2]** In *Taylor v. United States*, 495 U.S. 575 (1990), the Supreme Court discussed the categorical and modified categorical approaches, which "establish the rules by which the government may use prior state convictions to enhance certain federal sentences." *United States v. Aguila-Montes de Oca*, No. 05-50170, F.3d , 2011 WL 3506442 at *1 (9th Cir. Aug. 11, 2011). We consider whether the offense "is categorically a crime of violence by assessing whether the full range of conduct covered by the statute falls within the meaning of that term." *United States v. Grajeda*, 581 F.3d 1186, 1189 (9th Cir. 2009) (internal quotation marks, alteration and citation omitted). The elements of the state statute are compared with the "federal definition of the crime to determine whether conduct proscribed by the statute is broader than the generic federal definition." *United States v. Valencia-Barragan*, 608 F.3d 1103, 1107 (9th Cir. 2010) (internal quotation marks and citations omitted). If the statute of conviction is broader than the federal statute, then a conviction under the state statute does not categorically qualify as a "crime of violence" and we may apply the modified categorical approach. *See Aguila-Montes de Oca*, 2011 WL 3506442, at *21.

Under the modified categorical approach, a court may consult the trial record, "including charging documents, plea agreements, [and] transcripts of plea colloquies." *See Johnson v. United States*, U.S. , 130 S. Ct. 1265, 1273 (2010). "[W]e determine, in light of the facts in the judicially noticeable documents, (1) what facts the conviction necessarily rested on (that is, what facts the trier of fact was actually required to find); and (2) whether these facts satisfy the elements of the generic offense." *Aguila-Montes de Oca*, 2011 WL 3506442, at \*21. Our inquiry under the modified categorical approach requires us to determine whether the record establishes that Tafoya-Montelongo's conviction "necessarily rested on . . . facts [that] satisfy the elements" of the generic crime. *Id*. at \*21.

In interpreting whether a 16-level increase was appropriate under § 2L1.2(b)(1)(A), we have explained:

> Our case law recognizes two different generic federal definitions of "sexual abuse of a minor." The first generic definition contains three elements: (1) sexual conduct; (2) with a minor; (3) that constitutes abuse. We define the first two elements—(1) sexual conduct; (2) with a minor—by employing the ordinary, contemporary, and common meaning of the words that Congress used. We define the third element—abuse—as physical or psychological harm in light of the age of the victim in question. Sexual conduct with younger children is per se abusive. The second generic definition, derived from 18 U.S.C. § 2243 and set out in *Estrada-Espinoza v. Mukasey*, contains four elements: (1) a mens rea level of knowingly; (2) a sexual act; (3) with a minor between the ages of 12 and 16; and (4) an age difference of at least four years between the defendant and the minor.

*Valencia-Barragan*, 608 F.3d at 1107 (internal quotation marks and citations omitted). With respect to the third ele-

ment of the first definition, sexual conduct with young children under the age of fourteen is per se abusive. *See id*. If the state conviction constitutes "sexual abuse of a minor" under either generic federal definition, we need not consider whether it satisfies the other definition. *See id*.

Tafoya-Montelongo contends that because there is a federal statute that governs and is the basis for the second definition of "sexual abuse of a minor," it is improper to use another generic, judicially crafted definition such as the first one discussed in *Valencia-Barragan*. Because the two definitions are complementary, however, the proper analysis is to determine whether the prior conviction satisfies the elements of either definition. *See United States v. Castro*, 607 F.3d 566, 568-69 (9th Cir. 2010).

**[3]** The statute of conviction, Utah Code § 76-5-404.1, sexual abuse of a child, provides in pertinent part:

> (1) As used in this section, "child" means a person under the age of 14.

> (2) A person commits sexual abuse of a child if, under circumstances not amounting to rape of a child, object rape of a child, sodomy upon a child, or an attempt to commit any of these offenses, the actor touches the anus, buttocks, or genitalia of any child, the breast of a female child, or otherwise takes indecent liberties with a child, or causes a child to take indecent liberties with the actor or another with intent to cause substantial emotional or bodily pain to any person or with the intent to arouse or gratify the sexual desire of any person regardless of the sex of any participant.

Pursuant to the categorical approach, Utah Code § 76-5-404.1 appears to be overly inclusive because it includes "taking indecent liberties," which seems to prohibit a broader range

of conduct than the generic federal definitions. *See State v. Lowder*, 889 P.2d 412, 413-14 (Utah 1994) (holding that "indecent liberties" includes merely "assaultive behavior" with no sexual intent directed to the sexual parts of a child's body). *Therefore, we examine the judicially noticeable documents and apply the modified categorical approach to determine whether a 16-level increase was appropriate for Tafoya-Montelongo, based on a previous conviction for a crime of violence. See Aguila-Montes de Oca, 2011 WL 3506442, at *21.*

**[4]** The record from Tafoya-Montelongo's first conviction establishes that he engaged in sexual conduct with a minor that constituted abuse. The statement in support of guilty plea, signed by Tafoya-Montelongo and his counsel, identified the elements of the crime to which he was pleading guilty as "attempt to touch the genitals or breasts of a child under the age of 14 years at the time of the offense [and] with the intent to arouse or gratify the sexual desire of any person." He further stipulated and admitted to the following as a basis for the plea: "On or about April 8, 2006[,] I attempted to touch the breast of a person under the age of 14 with intent to gratify myself sexually, in Salt Lake County, Utah." At sentencing, counsel identified the victim of this offense as a girl. Tafoya-Montelongo admitted to conduct that was of a sexual nature. The admission that the victim was under the age of 14 satisfies the final two elements of one of the generic federal definitions of sexual abuse of a minor. *See Valencia-Barragan*, 608 F.3d at 1107; *see also United States v. Baron-Medina*, 187 F.3d 1144, 1147 (9th Cir. 1999) ("The use of young children for the gratification of sexual desires constitutes an abuse."). Tafoya-Montelongo's assertion that his conduct was "not abuse under the federal generic definition," but merely "self-gratification," is without merit because of the age of the victim. Because he attempted to engage in sexual conduct with a girl under the age of 14, his conduct was per se abusive under one of the generic federal definitions of "sexual abuse of a minor." *Valencia-Barragan*, 608 F.3d at 1107; *see also*

*United States v . Farmer*, 627 F.3d 416, 419 (9th Cir. 2010). Having determined that the conviction satisfies one of the definitions, we need not address whether it also meets the other.[3] *See id*. at 1107.

**[5]** After considering the state court records, we conclude that Tafoya-Montelongo's conviction for attempted sexual abuse of a child qualified as a "crime of violence" under U.S.S.G. § 2L1.2(b)(1)(A)(ii). The district court committed no error, plain or otherwise, in applying a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) in calculating Tafoya-Montelongo's guideline range.

AFFIRMED.

---

[3]We also do not address whether Tafoya-Montelongo's conviction under Utah law for unlawful sexual activity with a minor would have qualified for a 16-level enhancement.