**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RAYMOND LOZANO,

Defendant - Appellant.

No. 08-50239

D.C. No. 3:06-cr-02564-H-2

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Argued and Submitted July 10, 2009
Withdrawn and Deferred July 10, 2009
Argued and Resubmitted September 22, 2010
Withdrawn and Deferred March 10, 2011
Resubmitted June 20, 2012**
San Francisco, California

Before: WARDLAW, RAWLINSON, and N.R. SMITH, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Raymond Lozano appeals the district court's imposition of his 262-month sentence. Lozano contends that the district court erred in enhancing his sentence pursuant to the career offender enhancement. *See* U.S.S.G. §§ 4B1.1(a) and 4B1.2. Lozano specifically asserts that the enhancement is inappropriate because his 1998 California conviction for false imprisonment in violation of California Penal Code §§ 236 and 237 is not a crime of violence under § 4B1.2(a)(2) of the Guidelines. We have jurisdiction pursuant to 18 U.S.C. § 3742 and affirm the district court.

Because California Penal Code §§ 236 and 237 may be violated through the use of deceit, Lozano's conviction is not categorically a crime of violence. *See People v. Rios*, 177 Cal. App. 3d 445, 451-52 (1986); *see also Sykes v. United States*, – U.S. –, 131 S. Ct. 2267, 2273 (2011) (explaining that a crime is not categorically a crime of violence if it can be effected in a non-violent manner). However, Lozano's conviction meets the requirements for a crime of violence under the modified categorical approach. The district court correctly determined that Lozano's admission in his guilty plea that he committed "false imprisonment by menace" is sufficient to establish that his conviction was for a crime of violence under the modified categorical approach, because false imprisonment by means of menace cannot be effected in a non-violent manner. *See Sykes*, 131 S. Ct. at 2273, 2275 (concluding that the level of risk posed by an offense determines whether it

2

should be categorized as violent under the residual clause); *see also United States v. Tafoya-Montelongo*, 659 F.3d 738, 743-44 (9th Cir. 2011) (recognizing that a district court may rely on statements in a guilty plea to support a conclusion that the defendant's action constituted a crime of violence); *People v. Wardell*, 162 Cal. App. 4th 1484, 1490 (2008) (noting that California defines "[m]enace. . . as a threat of harm express or implied by word or act") (citation and internal quotation marks omitted); *United States v. Ladwig*, 432 F.3d 1001, 1005 (9th Cir. 2005) (concluding that threats of harm, by their very nature, involve aggressive, violent, conduct). Therefore, the district court did not err in applying the career offender enhancement.

**AFFIRMED.**