**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 22 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50460 |
| Plaintiff-Appellee, | D.C. No. 3:13-cr-04313-BTM-GT-1 |
| v. | |
| JAVIER MORALES-LANDA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Barry T. Moskowitz, District Judge, Presiding

Argued and Submitted June 5, 2015
Pasadena, California

Before:     KOZINSKI and CALLAHAN, Circuit Judges, and KORMAN,
Senior District Judge.[**]

The sole issue before us is whether the district court properly applied the

modified categorical approach to the intent element of the crime of sexual abuse of a

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Edward R. Korman, Senior United States District Judge for the Eastern District of New York, sitting by designation.

1

child, defined in Utah Code § 76-5-404.1(2), for the purpose of determining whether the defendant had committed an aggravated felony under 8 U.S.C. § 1101(a)(43)(A). Because the statute criminalizes non-sexual conduct—such as kicking a boy's genitals—the statute is broader than generic sexual abuse of a minor. *See United States v. Tafoya-Montelongo*, 659 F.3d 738, 743 (9th Cir. 2011). Thus, the district court correctly recognized that Morales's conviction did not categorically qualify as an aggravated felony. The court then applied the modified categorical approach because it erroneously found Utah's statute to be divisible. A statute is only divisible if it "sets out one or more elements of the offense in the alternative" instead of listing multiple means of achieving the same element. *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013). In determining if a statute is divisible, we look to how the state treats the statute. *Rendon v. Holder*, 764 F.3d 1077, 1088 (9th Cir. 2014).

The Utah Court of Appeals appears to treat the two prongs of the intent element as alternative means of satisfying a single intent element. *See, e.g.*, *State v. Bair*, 275 P.3d 1050, 1071–72 (Utah Ct. App. 2012). Thus, a jury does not need to agree on whether a defendant had an intent to harm or an intent to arouse his sexual desire to render a guilty verdict. This conclusion is bolstered by the charging information in this case, which listed both prongs of the intent element.

2

Given that the intent element in Utah Code § 76-5-404.1(2) is not divisible, the statute is not amenable to the modified categorical approach. Defendant has "show[n] that the crime of which he was previously convicted was not . . . an aggravated felony," and has thus established that the entry of his removal order was fundamentally unfair. *United States v. Martinez*, No. 12-30185, slip op. at 5 (9th Cir. May 28, 2015). Because the two remaining prongs of 8 U.S.C. § 1326(d) were uncontested, the district court's denial of defendant's motion to dismiss his indictment for illegal reentry is **REVERSED**. The Clerk is directed to issue the mandate forthwith. As the defendant only has two months to serve on his 24-month sentence, the defendant is to be released immediately from incarceration. The foregoing does not affect the validity of any immigration detainer that may be lodged.

**REVERSED**.  **MANDATE ISSUE FORTHWITH.**



*United States v. Javier Morales-Landa*, 14-50460

CALLAHAN, Circuit Judge, Concurring

Because we are bound by our prior opinion in *Rendon v. Holder*, 764 F.3d 1077 (9th Cir. 2014), I concur.