**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

AUG 31 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-36051 |
| Plaintiff-Appellee, | D.C. Nos. 2:16-cv-00225-RMP |
| v. | 2:01-cr-00015-WFN-1 |
| JOSEPH P. RYNCARZ, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Wm. Fremming Nielsen, District Judge, Presiding

Submitted August 29, 2017**
Seattle, Washington

Before:  McKEOWN and GOULD, Circuit Judges, and ROTHSTEIN,*** District
Judge.

Joseph Ryncarz appeals the denial of his successive motion to vacate, set

aside, or correct his sentence under 28 U.S.C. § 2255(a).  We have jurisdiction

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Barbara Jacobs Rothstein, United States District Judge
for the Western District of Washington, sitting by designation.

under 28 U.S.C. § 2253(a). We reverse and remand with instructions to grant Ryncarz's successive motion to vacate his sentence.

Ryncarz challenges his 262-month sentence pursuant to the Armed Career Criminal Act ("ACCA"), which imposes a mandatory 15-year prison term for felons who unlawfully possess a firearm and have three or more previous convictions for certain drug crimes or "violent felon[ies]." 18 U.S.C. § 924(e)(1). We agree with Ryncarz that his sentence relied at least in part on the residual clause of the ACCA, which the Supreme Court deemed unconstitutionally vague in *Johnson v. United States*, 135 S. Ct. 2551 (2015).

Ryncarz's second-degree assault convictions cannot serve as predicates under the ACCA. The district court did not have the benefit of our very recent decision that second-degree assault under § 9A.36.021 does not constitute a "violent felony" for purposes of the ACCA because it is overbroad and indivisible. *United States v. Robinson*, No. 16-30096, 2017 WL 3648524 (9th Cir. Aug. 25, 2017) (holding that § 9A.36.021 is not a "crime of violence" under U.S.S.G. § 2K2.1); *United States v. Ladwig*, 432 F.3d 1001, 1005 n.9 (9th Cir. 2005) (noting that courts treat the term "violent felony" under the ACCA as identical to the term of "crime of violence" under the U.S. Sentencing Guidelines).

Section § 9A.36.021's predecessor statute, § 9A.36.020, is similarly overbroad and indivisible. *See Robinson*, 2017 WL 3648524, at *3 (determining

that an assault "[w]ith intent to commit a felony" does not necessarily require violent force); *State v. Smith*, 154 P.3d 873, 879 n.9 (Wash. 2007) (discussing § 9A.36.020 as an "alternative means" statute).

Because the three convictions of second-degree assault do not qualify as violent felonies under the ACCA, we need not address Ryncarz's arguments regarding second-degree extortion.

**REVERSED AND REMANDED FOR RESENTENCING.**