**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0779n.06
Filed: November 6, 2007

**No. 06-2212**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **ON APPEAL** FROM THE |
| **Plaintiff-Appellee,** | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| v. | ) | DISTRICT OF MICHIGAN |
| | ) | |
| DANIEL LEE LACASSE, | ) | **O P I N I O N** |
| | ) | |
| **Defendant-Appellant.** | ) | |

BEFORE: NORRIS, GIBBONS, and ROGERS, Circuit Judges.

**ALAN E. NORRIS, Circuit Judge.** Defendant Daniel Lee LaCasse challenges the sentence imposed after he pleaded guilty to being a felon in possession of a firearm. 18 U.S.C. § 922(g). He contends that the district court erred when it enhanced his sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), based upon three prior convictions for either drug offenses or violent felonies. He argues that the definition of "violent felony" renders the ACCA void for vagueness or, in the alternative, that his prior conviction under Michigan's "fleeing and eluding" statute, Mich. Comp. Laws, § 750.479a, does not qualify as a violent felony.

**I.**

This prosecution was triggered when defendant's girlfriend, while intoxicated, crashed the car in which the couple was driving. Officers of the Menominee County Sheriff's Department responded and defendant asked officers for a ride home from the scene. Although they indicated that

he would be subject to a search for weapons, he consented. The search uncovered a Bryco Arms, .380 caliber pistol. Defendant was arrested at the scene for carrying a concealed weapon, being a felon in possession of a firearm, possessing of a firearm while intoxicated, and carrying open intoxicants while in a motor vehicle. The county prosecutor's office referred this case to federal authorities, resulting in a single-count indictment for being a felon in possession of a firearm. 18 U.S.C. § 922(g)(1).

Defendant entered into a plea agreement with the government. The agreement left open the possibility that defendant could be subject to the enhanced penalties of the ACCA, which provides for a minimum sentence of fifteen years of incarceration for felons who have three previous convictions for a "violent felony or a serious drug offense." 18 U.S.C. § 924(e)(1). Among other things, "violent felony" means a crime that is "burglary, arson, or extortion, involves the use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*." 18 U.S.C. § 924(e)(2)(B)(ii) (emphasis added).

With respect to defendant's prior fleeing and eluding conviction, the agreement reads as follows:

> In 2001, the Defendant was convicted in the 41st Circuit Court, Menominee County, Michigan, of fleeing and eluding a police officer in the 3rd degree, in violation of Mich. Comp. L. § 750.479a(3), with a sentencing enhancement for being a habitual offender, in violation of Mich. Comp. L. § 769.11(1)(a). The Defendant received a sentence of 3 to 10 years for this offense. This offense is punishable by up to 10 years in prison and qualifies as a "crime punishable by imprisonment for a term exceeding one year," as that phrase is defined in Title 18, United States Code, Section 921(a)(20).

Prior to sentencing, defense counsel filed a memorandum arguing that the fleeing and eluding conviction does not constitute a crime of violence for purposes of the ACCA. Counsel repeated her position at the sentencing hearing and also contended that the definition of "violent felony" was void for vagueness. The district court rejected both of these positions before sentencing defendant to 188 months of imprisonment.

## II.

This court reviews *de novo* the legal question of whether a prior conviction constitutes a "crime of violence" under the ACCA. *United States v. Martin*, 378 F.3d 578, 580 (6th Cir. 2004).

In two decisions, we have considered whether Michigan's fleeing and eluding statute represents a crime of violence for purposes of the analogous career offender enhancement of the Sentencing Guidelines, U.S.S.G. §§ 4B1.1, 4B1.2, which uses the same "serious potential risk of physical injury" language as the ACCA. In *Martin* this court concluded that a third-degree fleeing and eluding conviction constitutes a crime of violence because the additional factors required to raise the offense to third-degree from fourth-degree–to wit, if the violation results in a collision or accident, or if a portion of the violation occurred in a 35 miles-per-hour or less speed zone—satisfy the requirement that the offense presents a "serious potential risk of physical injury." 378 F.3d at 583-84.

We subsequently limited *Martin* to cases involving third-degree fleeing and eluding convictions, however. *United States v. Foreman*, 436 F.3d 638 (6th Cir. 2006). In setting the stage for its discussion, *Foreman* provides the following thumbnail sketch of the appropriate approach:

> The Supreme Court has provided some guidance as to how to determine whether an offense may be considered a crime of violence. In *Taylor v. United States*,

495 U.S. 575, 110 S. Ct. 2143, 109 L. Ed. 2d 607 (1990), the Court addressed what evidence a trial court may consider in answering the question. The Court concluded that we must take a categorical approach and first consider the statutory definition of the offense. *Id.* A categorical approach requires this Court to look at "the fact of the conviction and the statutory definition of the predicate offense" but not the "underlying facts regarding the offense." *United States v. Martin*, 378 F.3d 578, 581 (6th Cir. 2004) (quoting *United States v. Arnold*, 58 F.3d 1117, 1121 (6th Cir. 1995)). This approach "avoids subsequent evidentiary enquiries into the factual basis for the earlier conviction," preventing the defendant from having to re-defend previous conduct which may not have been found true by the previous jury. *Shepard v. United States*, 544 U.S. 13, 125 S. Ct. 1254, 1259, 161 L. Ed. 2d 205 (2005).

However, should this initial inquiry under the categorical approach fail to be determinative, a court may consider "the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented" in determining whether the crime was a crime of violence. *Id.* at 1257. Although both *Shepard* and *Taylor* addressed whether burglary could be considered a violent felony under the Armed Career Criminal Act, the application of these rules to the definition of "crime of violence" under the Sentencing Guidelines has become an accepted practice in this Circuit. *See United States v. Arnold*, 58 F.3d 1117, 1121-22 (6th Cir.1995).

*Id.* at 640-41 (citation omitted). Ultimately, *Foreman* held that "the categorical approach is not determinative of whether fourth degree fleeing and eluding is a 'crime of violence,'" and thus remanded to allow the district court to consider the sources approved by *Shepard*. *Id.* at 643.

While the district court in this case discussed the underlying facts of the case during the sentencing hearing, it ultimately made clear that it based its holding on the categorical approach taken by this court in *Martin*. The following exchange between the court and the assistant United States attorney ("AUSA") resolves any ambiguity with respect to this point:

AUSA: [I]t's the government's position in this case that, based on *Martin*, . . . this fleeing and eluding third, whether it's involving an accident or in an area with a speed limit less than 35 miles an hour, just as a general matter, would qualify as a violent felony under the 924(e), regardless of the facts of the case.

THE COURT: Yes. And I agree with you, and . . . that's what I have held, and that's what I do hold, if I haven't said so. I just made the observation that the facts are pretty egregious in this case, but I'm not basing my decision on that.

Defense counsel takes the position that, because the fleeing and eluding statute can be violated without giving rise to any serious potential risk of physical harm to another, it cannot be categorically considered a crime of violence. She recognizes, of course, that *Martin* held to the contrary and asks us to distinguish that case because it was decided based upon the Sentencing Guidelines' career offender enhancement, not the ACCA. The *Martin* panel recognized that defendant had some potential relief under the Guidelines, which counsel contends makes a difference:

> Had the district court believed that the calculation of Martin's criminal history category under the Guidelines resulted in an inequitable sentence, § 4A1.3 would have permitted a downward adjustment.

*Martin*, 378 F.3d at 584. The ACCA contains no such provision, which means that any judicial "fact finding" with respect to the nature of prior convictions assumes heightened importance and should be discouraged. The possibility of a downward departure under the Sentencing Guidelines does not mean that interpretations of what constitutes a "crime of violence" under the Sentencing Guidelines may not be followed in construing whether a crime is a "violent felony" under the ACCA. *See, e.g., United States v. Sawyers,* 409 F.3d 732, 740 n.9 (6th Cir. 2005) (using Guidelines to interpret ACCA); *United States v. Taylor*, 489 F.3d 1112, 1113 (11th Cir. 2007) ("We have also held that our cases interpreting 'crime of violence' under § 4B1.2 provide important guidance in determining what is a 'violent felony' under the ACCA 'because the definition for both terms are virtually identical.'" (citation omitted)); *United States v. Ladwig*, 432 F.3d 1001, 1005 n.9 (9th Cir. 2005) (noting that the court can consult cases construing § 4B1.2 of the Sentencing Guidelines when considering whether

a crime is a violent felony under the ACCA because the definition of "violent felony" under the ACCA is identical to the definition of 'crime of violence' under the Sentencing Guidelines); *United States v. Johnson*, 417 F.3d 990, 996-97 (8th Cir. 2005) ("The statutory definition of 'violent felony' is viewed as interchangeable with the guidelines definition of 'crime of violence.' Therefore, in determining whether a defendant qualifies as an armed career criminal under the ACCA, we are bound by case law defining a crime of violence under § 4B1.2." (internal citations omitted)). In our view, the district court's conclusion that Michigan's third-degree fleeing and eluding conviction constituted a crime of violence under the ACCA is fully consistent with *Shepard* and *Martin* and we affirm on that basis.

Defendant also contends that the provision of the ACCA which defines a violent felony as one that "involves conduct that presents a serious potential risk of physical injury to another" is void for vagueness. The Supreme Court recently held that attempted burglary qualified as a "violent felony" under the ACCA's residual provision for crimes that present "serious potential risk of physical injury to another." *James v. United States*, 127 S. Ct. 1586, 1590 (2007). In dissent, Justice Scalia took the position that the residual provision must either be interpreted coherently "so that it applies in a relatively predictable and administrable fashion to a smaller subset of crimes" or be deemed void for vagueness. *Id.* at 1609. The majority addresses the vagueness contention, albeit in a footnote, before rejecting it. *Id.* at 1598 n.6. Although not contested in that case, we are unwilling to find the provision void for vagueness when the Supreme Court so recently declined an invitation to do so.

## III.

The judgment is **affirmed**.