RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 09a0199p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

—————————————

UNITED STATES OF AMERICA,
                              *Plaintiff-Appellee,*

        *v.*                                              No. 06-2212

DANIEL LEE LaCASSE,
                              *Defendant-Appellant.*

—————————————

On Remand from the United States Supreme Court.
No. 06-00008—R. Allan Edgar, District Judge.

Argued: September 13, 2007

Decided and Filed: June 4, 2009

Before: NORRIS, GIBBONS, and ROGERS, Circuit Judges.

—————————————

**COUNSEL**

**ARGUED:** Sarah Emily Henderson, CASSELMAN & HENDERSON PC, Marquette, Michigan, for Appellant. Maarten Vermaat, ASSISTANT UNITED STATES ATTORNEY, Marquette, Michigan, for Appellee. **ON BRIEF:** Sarah Emily Henderson, CASSELMAN & HENDERSON PC, Marquette, Michigan, for Appellant. Maarten Vermaat, ASSISTANT UNITED STATES ATTORNEY, Marquette, Michigan, for Appellee.

—————————————

**OPINION**

—————————————

ALAN E. NORRIS, Circuit Judge. This case returns to us on remand from the United States Supreme Court, *LaCasse v. United States*, 129 S. Ct. 992 (2009), with instructions to reconsider our prior judgment in light of *Begay v. United States*, 128 S. Ct. 1581 (2008), and *Chambers v. United States*, 129 S. Ct. 687 (2009). We have done so and conclude that neither *Begay* nor *Chambers* alters our earlier holding that Michigan's "fleeing and eluding" statute, Mich. Comp. Laws, § 750.479a, qualifies as a violent felony under the

1

Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1). *United States v. LaCasse*, 253 F. App'x 553, 556 (6th Cir. 2007).

**I.**

Defendant Daniel Lee LaCasse challenges the sentence imposed after he pleaded guilty to being a felon in possession of a firearm. 18 U.S.C. § 922(g). He contends that the district court erred when it enhanced his sentence under the ACCA based upon three prior convictions for either drug offenses or violent felonies. He argues that the definition of "violent felony" renders the ACCA void for vagueness or, in the alternative, that his prior conviction under Michigan's "fleeing and eluding" statute, Mich. Comp. Laws, § 750.479a, does not qualify as a violent felony. Because neither *Begay* nor *Chambers* took up the question of whether the ACCA is void for vagueness, we do not revisit the issue here and instead rely upon the reasoning set forth in our prior opinion. *LaCasse*, 253 F. App'x at 556.

Defendant pleaded guilty to a single-count indictment for being a felon in possession of a firearm. 18 U.S.C. § 922(g)(1). The plea agreement left open the possibility that defendant could be subject to the enhanced penalties of the ACCA, which provides for a minimum sentence of fifteen years of incarceration for felons who have three previous convictions for a "violent felony or a serious drug offense." 18 U.S.C. § 924(e)(1). Among other things, that term includes "burglary, arson, or extortion, involves the use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .*" 18 U.S.C. § 924(e)(2)(B)(ii) (emphasis added).

With respect to defendant's prior fleeing and eluding conviction, the agreement reads as follows:

> In 2001, the Defendant was convicted in the 41st Circuit Court, Menominee County, Michigan, of fleeing and eluding a police officer in the 3rd degree, in violation of Mich. Comp. L. § 750.479a(3), with a sentencing enhancement for being a habitual offender, in violation of Mich. Comp. L. § 769.11(1)(a). The Defendant received a sentence of 3 to 10 years for this offense. This offense is punishable by up to 10 year[s] in prison and qualifies as a "crime punishable by imprisonment for a term exceeding one year," as that phrase is defined in Title 18, United States Code, Section 921(a)(20).

Prior to sentencing, defense counsel filed a memorandum arguing that the fleeing and eluding conviction does not constitute a crime of violence for purposes of the ACCA. Counsel repeated her position at the sentencing hearing and also contended that the definition of "violent felony" was unconstitutionally void for vagueness. The district court rejected both of these positions before sentencing defendant to 188 months of imprisonment.

## II.

This court reviews *de novo* the legal question of whether a prior conviction constitutes a "crime of violence" under the ACCA. *United States v. Martin*, 378 F.3d 578, 580 (6th Cir. 2004). We undertake that task again, this time mindful of the guidance provided in the Court's two most recent opinions on the issue.

In our prior decision, we relied primarily on *Martin, supra,* which held that Michigan's fleeing and eluding statute represents a crime of violence for purposes of the analogous career offender enhancement of the Sentencing Guidelines, U.S.S.G. §§ 4B1.1, 4B1.2. Both the ACCA and the Guidelines define "crime of violence" in part as "involv[ing] conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii); U.S.S.G. § 4B1.2(a)(2); *see United States v. Ford*, 560 F.3d 420, 421 (6th Cir. 2009) (applying the ACCA analysis to USSG § 4B1.1). In *Martin* this court concluded that a third-degree fleeing and eluding conviction constitutes a crime of violence because the additional factors required to raise the offense to third-degree from fourth-degree – to wit, if the violation results in a collision or accident, or if a portion of the violation occurred in a 35 miles-per-hour or less speed zone – satisfy the requirement that the offense presents a "serious potential risk of physical injury." 378 F.3d at 583-84.

While the district court discussed the underlying facts of the case during the sentencing hearing, it ultimately made clear that it based its holding on the categorical approach taken by this court in *Martin*. Defendant takes the position that, because the fleeing and eluding statute can be violated without giving rise to any serious potential risk of physical harm to another, it cannot be categorically considered a crime of violence.

At first glance, the Court's recent opinions would appear to support defendant's argument. In *Begay*, the Court held that driving under the influence of alcohol was not a

"violent felony" as defined by the ACCA. 128 S. Ct. at 1583. In doing so, it acknowledged that the crime of driving under the influence included potential serious risks. *Id.* at 1588. However, the Court went on to make clear that degree of risk was but one factor in the calculus; the "way or manner" in which the risk is produced factors into whether the offense constitutes a crime of violence under the ACCA. *Id.* at 1586. If it involves "purposeful, violent, and aggressive conduct," then a crime more likely represents the kind of offense that the ACCA is designed to address, namely, those in which possession of a gun represents a "special danger." *Id.* at 1586-87. With these observations in mind, the Court explained why driving under the influence fell outside of that category of crime:

> [S]tatutes that forbid driving under the influence, such as the statute before us, typically do not insist on purposeful, violent, and aggressive conduct; rather, they are, or are most nearly comparable to, crimes that impose strict liability, criminalizing conduct in respect to which the offender need not have had any criminal intent at all. . . . [A] drunk driver may very well drink on purpose. But this Court has said that, unlike the example crimes, the conduct for which the drunk driver is convicted (driving under the influence) need not be purposeful or deliberate.

> When viewed in terms of the Act's basic purposes, this distinction matters considerably. As suggested by its title, the Armed Career Criminal Act focuses upon the special danger created when a particular type of offender – a violent criminal or drug trafficker – possesses a gun. In order to determine which offenders fall into this category, the Act looks to past crimes. This is because an offender's criminal history is relevant to the question whether he is a career criminal, or, more precisely, to the kind or degree of danger the offender would pose were he to possess a gun.

*Id.* (citations omitted).

How closely does Michigan's "fleeing and eluding" statute resemble driving under the influence? Both require the offender to be driving a motor vehicle. Both undeniably involve "conduct that presents a serious potential risk of physical injury to another." If anything, driving under the influence may pose a greater potential risk of physical injury. Despite these similarities, the offenses contain critical differences, at least as viewed through the lens of *Begay.* First, fleeing and eluding is distinguishable with respect to intent: the offender makes a conscious decision to flee rather than to stop his vehicle as requested by a police officer. Unlike driving under the influence, this is not a strict liability or status crime that "need not be purposeful or deliberate." *Id.* at 1587. Moreover, fleeing and eluding

involves aggressive conduct; the offender is attempting to outrun a police cruiser either in a low speed-limit area or in a manner that results in a collision or an accident. Mich. Comp. Laws § 750.479a(3).

In our view, these distinctions are given added force by *Chambers*. In that case, the Court concluded that "failure to report" for penal confinement was not a "violent felony" under the ACCA. *Chambers*, 129 S.Ct. at 689. Of particular interest to us is the manner in which the Court distinguished failure to report from other sections of the Illinois statute that involved escape:

> [W]e believe that a failure to report (as described in the statutory provision's third, fourth, fifth, and sixth phrases) is a separate crime, different from escape (the subject matter of the statute's first and second phrases), and from the potentially less serious failure to abide by the terms of home confinement (the subject of the final phrase). The behavior that likely underlies a failure to report would seem less likely to involve a risk of physical harm than the less passive, more aggressive behavior underlying an escape from custody. *See Begay v. United States*, 553 U.S. ----, ----, 128 S.Ct. 1581, 1586, 170 L.Ed.2d 490 (2008).

*Id.* at 691. Because "failure to report" represents a "form of inaction," the Court concluded that it did not represent the kind of purposeful, violent, or aggressive conduct primarily targeted by the ACCA. *Id.* at 692. What is fleeing and eluding but an attempt to escape? It is certainly not a form of inaction and, for that reason, we read *Chambers* to stand, albeit tacitly, for the proposition that an attempt to escape from law enforcement officials may represent a "violent felony" under the ACCA because it includes aggressive conduct that "presents a serious risk of physical injury to another." 18 U.S.C. §924(e)(2)(B)(ii).

Our conclusion is not affected by this court's recent holding that a "walkaway escape" under Kentucky law does not constitute a "violent felony" in the wake of *Chambers*. *Ford*, 560 at 426. In *Ford*, we stressed that walkaway offenses "do not involve the same *type* of 'purported, violent, and aggressive' conduct that the listed crimes of violence do." *Id*. at 425. By contrast, as explained above, the fleeing and eluding statute at issue here involves "aggressive" conduct that "presents a serious potential risk of physical injury" to another.

**III.**

The judgment is **affirmed**.