NOT FOR FULL-TEXT PUBLICATION
File Name: 10a0316n.06
No. 09-1055

**FILED**

**May 24, 2010**

LEONARD GREEN, Clerk

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**UNITED STATES OF AMERICA,**

      **Plaintiff-Appellee,**

v.

**JESHKAIF DOMINIQUE BASS,**

      **Defendant-Appellant.**

—————————————————————/

**ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE WESTERN
DISTRICT OF MICHIGAN**

**BEFORE:  SUHRHEINRICH, McKEAGUE and GRIFFIN, Circuit Judges.**

**PER CURIAM.**  Defendant Jeshkaif Bass ("Bass") appeals the sentence imposed following his plea of guilty to being a felon in possession of a firearm.  The sole issue raised on appeal is whether Michigan's crime of Third-Degree Fleeing and Eluding is categorically a crime of violence.  For the reasons set forth below, we AFFIRM the conviction.

**I.  Background**

On August 7, 2008, a grand jury sitting in the Western District of Michigan returned a one count indictment against Bass for felony possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  Bass pleaded guilty to the count on October 8, 2008.

The presentence investigation report ("PSR") recommended a base offense level of 24 because, *inter alia*, Bass had previously been convicted of Third Degree Fleeing and Eluding—a five-year felony and a crime of violence.  At his sentencing hearing, held on January 7, 2009, Bass objected.  He argued that his base offense level should be lower because his conviction for fleeing

and eluding was not a crime of violence. The district court overruled Bass's objection, and held that the offense was categorically a crime of violence. It therefore accepted the calculated Guidelines range of 70 to 87 months recommended in the PSR, and sentenced Bass to 84 months in prison. Bass appeals.

## II. Analysis

Bass argues that the district court erred when it determined that Third-Degree Fleeing and Eluding was categorically a crime of violence. He claims that his sentence is procedurally unreasonable as a result. Under Michigan law, Third- Degree Fleeing and Eluding can exist in three circumstances:

> (a) The violation results in a collision or accident.

> (b) A portion of the violation occurred in an area where the speed limit is 35 miles an hour or less, whether that speed limit is posted or imposed as a matter of law.

> (c) The individual has a prior conviction for fourth-degree fleeing and eluding, attempted fourth-degree fleeing and eluding, or fleeing and eluding under a current or former law of this state prohibiting substantially similar conduct.

Mich. Comp. Laws § 750.479a(3)(a)-(c). Bass asks this court to remand to the district court to determine under which subsection of the statute he was convicted.

We review de novo whether a prior conviction is a crime of violence. *United States v. Hargrove*, 416 F.3d 486, 494 (6th Cir. 2005). "In determining whether this crime is a violent felony, we consider the offense generically, that is to say, we examine it in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion." *Begay v. United States*, 553 U.S. 137, 141 (2008) (citing *Taylor v. United States*, 495 U.S. 575, 602 (1990)). Here, a remand is not necessary because all three of these subsections have

been declared categorically crimes of violence by previous panels. *United States v. Young*, 580 F.3d 373, 380-81 (6th Cir. 2009); *see also United States v. Martin*, 378 F.3d 578 (6th Cir. 2004), *United States v. LaCasse*, 567 F.3d 763 (6th Cir. 2009). Thus, the subsection under which Bass was convicted is of no moment.

Bass's only potential path to success is for us to revisit the precedent of this court. Yet, "[a] panel of this Court cannot overrule the decision of another panel. The prior decision remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting en banc overrules the prior decision." *Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985). Neither scenario is present in this case.

### III. Conclusion

Therefore, we AFFIRM Bass's conviction.