UNITED STATES of America,
Plaintiff–Appellee,

v.

Demond WILSON, Defendant–
Appellant.

No. 11–1147.

United States Court of Appeals,
Seventh Circuit.

Submitted Sept. 21, 2011.*

Decided Sept. 21, 2011.

Meredith P. Duchemin, Office of the United States Attorney, Madison, WI, for Plaintiff–Appellee.

Kelly A. Welsh, Federal Defender Services, Madison, WI, for Defendant–Appellant.

Before RICHARD D. CUDAHY, Circuit Judge, MICHAEL S. KANNE, Circuit Judge and ANN CLAIRE WILLIAMS, Circuit Judge.

### ORDER

Demond Wilson, a felon, was carrying several guns in his car, including a shotgun with an obliterated serial number, when police officers conducted a traffic stop. He pleaded guilty to possessing a gun after a felony conviction, 18 U.S.C. § 922(g)(1), and possessing a firearm with an obliterated serial number, *id.* § 922(k). The district court, over Wilson's objection, set the base offense level at 20 after concluding that his 2002 conviction in Michigan for using a motor vehicle to elude police, a third-degree felony, *see* Mich. Comp. Laws § 750.479a(1), (3), counts as a conviction for a "crime of violence," *see,* U.S.S.G. §§ 2K2.1(a)(4)(A) & cmt. n. 1, 4B1.2(a)(2) & cmt. n. 1. The court sentenced Wilson within the resulting guidelines range to a total of 84 months' imprisonment.

In this appeal from his sentence, Wilson challenges the characterization of the Michigan offense as a crime of violence. The Sixth Circuit has held that an offense under subsections (1) and (3) of § 750.479a is a crime of violence. *United States v. Martin,* 378 F.3d 578, 580–84 (6th Cir. 2004); *see United States v. LaCasse,* 567

---

* The appellant states that oral argument is unnecessary, and we agree. Thus, the appeal is submitted on the briefs and record. *See* Fed. R.App. P. 34(f); Cir. R. 34(f).

F.3d 763, 764 (6th Cir.2009) (holding that violation of subsections (1) and (3) of § 750.479a is a "violent felony" under parallel Armed Career Criminal Act, 18 U.S.C. § 924(e)). We have endorsed the Sixth Circuit's analysis of § 750.479a, *see United States v. Dismuke*, 593 F.3d 582, 593–96 (7th Cir.2010), *cert. denied,* —— U.S. ——, 131 S.Ct. 3018, 180 L.Ed.2d 844 (2011), and we also have held that similar statutes in Indiana, Wisconsin, and Illinois define crimes of violence or violent felonies, *United States v. Sykes*, 598 F.3d 334 (7th Cir.2010) (analyzing IND. CODE § 35–44–3–3(a), (b)(1)(A)), *aff'd,* —— U.S. ——, 131 S.Ct. 2267, 180 L.Ed.2d 60 (2011); *United States v. Spells*, 537 F.3d 743, 747–53 (7th Cir.2008) (same); *Dismuke,* 593 F.3d at 588–96 (analyzing WIS. STAT. 346.04(03)); *United States v. Womack*, 610 F.3d 427, 433 (7th Cir.2010) (analyzing 625 ILCS 5/11–204.1), *cert. denied,* —— U.S. ——, 131 S.Ct. 3020, 180 L.Ed.2d 849 (2011); *Welch v. United States*, 604 F.3d 408, 415–25 (7th Cir.2010) (same), *cert. denied,* —— U.S. ——, 131 S.Ct. 3019, 180 L.Ed.2d 844 (2011).

At sentencing Wilson acknowledged that our precedent compels characterizing § 750.479a as a crime of violence, but certiorari had been granted in *Sykes*, and Wilson sought to preserve the issue pending review by the Supreme Court. In drafting his appellate brief, which was filed before the Supreme Court ruled, Wilson conceded that a decision upholding our opinion in *Sykes* would foreclose his appeal given that the Indiana statute discussed in that case is substantively indistinguishable from its Michigan counterpart. The Supreme Court has since affirmed *Sykes* and confirmed that "[f]elony vehicle flight," as defined by Indiana, is a violent felony, 131 S.Ct. at 2277. Accordingly, we agree with

the district court that a violation of subsections (1) and (3) of § 750.479a is a crime of violence.

AFFIRMED.