**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 21, 2011[*]
Decided September 21, 2011

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 11-1147

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Western District of Wisconsin. |
| | |
| *v.* | 10-CR-128-BBC-01 |
| | |
| DEMOND WILSON, | Barbara B. Crabb, |
| *Defendant-Appellant.* | *Judge.* |

**O R D E R**

Demond Wilson, a felon, was carrying several guns in his car, including a shotgun
with an obliterated serial number, when police officers conducted a traffic stop. He pleaded
guilty to possessing a gun after a felony conviction, 18 U.S.C. § 922(g)(1), and possessing a
firearm with an obliterated serial number, *id.* § 922(k). The district court, over Wilson's
objection, set the base offense level at 20 after concluding that his 2002 conviction in
Michigan for using a motor vehicle to elude police, a third-degree felony, *see* MICH. COMP.
LAWS § 750.479a(1), (3), counts as a conviction for a "crime of violence," *see* U.S.S.G.

---

[*] The appellant states that oral argument is unnecessary, and we agree.  Thus, the
appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(f); CIR. R. 34(f).

§§ 2K2.1(a)(4)(A) & cmt. n.1, 4B1.2(a)(2) & cmt. n.1. The court sentenced Wilson within the resulting guidelines range to a total of 84 months' imprisonment.

In this appeal from his sentence, Wilson challenges the characterization of the Michigan offense as a crime of violence. The Sixth Circuit has held that an offense under subsections (1) and (3) of § 750.479a is a crime of violence. *United States v. Martin*, 378 F.3d 578, 580–84 (6th Cir. 2004); *see United States v. LaCasse*, 567 F.3d 763, 764 (6th Cir. 2009) (holding that violation of subsections (1) and (3) of § 750.479a is a "violent felony" under parallel Armed Career Criminal Act, 18 U.S.C. § 924(e)). We have endorsed the Sixth Circuit's analysis of § 750.479a, *see United States v. Dismuke*, 593 F.3d 582, 593–96 (7th Cir. 2010), *cert. denied*, 131 S. Ct. 3018 (2011), and we also have held that similar statutes in Indiana, Wisconsin, and Illinois define crimes of violence or violent felonies, *United States v. Sykes*, 598 F.3d 334 (7th Cir. 2010) (analyzing IND. CODE § 35-44-3-3(a), (b)(1)(A)), *aff'd*, 131 S. Ct. 2267 (2011); *United States v. Spells*, 537 F.3d 743, 747–53 (7th Cir. 2008) (same); *Dismuke*, 593 F.3d at 588–96 (analyzing WIS. STAT. 346.04(03)); *United States v. Womack*, 610 F.3d 427, 433 (7th Cir. 2010) (analyzing 625 ILCS 5/11-204.1), *cert. denied*, 131 S. Ct. 3020 (2011); *Welch v. United States*, 604 F.3d 408, 415–25 (7th Cir. 2010) (same), *cert. denied*, 131 S. Ct. 3019 (2011).

At sentencing Wilson acknowledged that our precedent compels characterizing § 750.479a as a crime of violence, but certiorari had been granted in *Sykes*, and Wilson sought to preserve the issue pending review by the Supreme Court. In drafting his appellate brief, which was filed before the Supreme Court ruled, Wilson conceded that a decision upholding our opinion in *Sykes* would foreclose his appeal given that the Indiana statute discussed in that case is substantively indistinguishable from its Michigan counterpart. The Supreme Court has since affirmed *Sykes* and confirmed that "[f]elony vehicle flight," as defined by Indiana, is a violent felony, 131 S. Ct. at 2277. Accordingly, we agree with the district court that a violation of subsections (1) and (3) of § 750.479a is a crime of violence.

AFFIRMED.