NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0674n.06

No. 12-6366

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jul 22, 2013
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| *Plaintiff-Appellee*, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| v. | ) | DISTRICT OF TENNESSEE |
| | ) | |
| PHILLIP GAZZOLA, | ) | **O P I N I O N** |
| | ) | |
| *Defendant-Appellant*. | ) | |

BEFORE:     SILER and COLE, Circuit Judges; DOWD District Judge.[*]

COLE, Circuit Judge.  Defendant-Appellant Phillip Gazzola pleaded guilty to three counts of possessing firearms and ammunition as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). At sentencing, the district court classified Gazzola as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and sentenced him to 200 months of incarceration followed by 5 years of supervised release. Gazzola now appeals his sentence, including his classification as an armed career criminal under the ACCA, and the terms of his release. For the following reasons, we affirm the sentence imposed by the district court.

I.

The following facts are not in dispute:

---

[*]The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

On July 22, 2011, law enforcement officers from the Cowan Police Department and Franklin County Sheriff's Department executed a search warrant at the defendant's residence. The search warrant was based on 2 controlled buys of morphine from the defendant in the preceding 72 hours. When officers knocked on the door and announced their presence, the defendant ran through the living room to the basement. Officers made entry and pursued the defendant downstairs, where they were finally able to subdue him after a brief struggle. They then searched the house and found small amounts of various pills and several grams of marijuana, along with $3,500 cash. Additionally, they recovered 2 firearms: a 12 gauge shotgun with 15 shells and a .17 caliber rifle with approximately 100 hollow point rounds of ammunition and other assorted ammunition.

A trace of the firearms by ATF shows that both guns traced back to the same person, who was interviewed and identified the defendant as being the person that purchased the firearms.

Prior to the date the defendant was in possession of the firearms, he had been convicted of a felony offense. All firearms and ammunition were manufactured outside the state of Tennessee or otherwise affected interstate or foreign commerce.

Gazzola pleaded guilty to three counts of possessing firearms and ammunition as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). This was not his first brush with the law.

Among other crimes, Gazzola had previously been charged in the State of Washington of rape in 1977, second-degree assault in 2004, and third-degree assault in 2009. He was convicted of these crimes in 1978, 2005 and 2010 respectively. Each of these convictions was based on sexual assault or rape.

At sentencing, over Gazzola's objection, the district court adopted the recommendation of the PSR and concluded that the Washington offenses qualified as violent felonies under the ACCA. The court accordingly sentenced Gazzola as an armed career criminal, increasing his base offense level and subjecting him to a mandatory minimum sentence of fifteen years of imprisonment. *See* 18 U.S.C. § 924(e). Gazzola argued that his age and medical condition, including a history of

strokes, justified a downward variance in the interest of justice. The district court rejected this argument and sentenced Gazzola to 200 months incarceration, determining that "a sentence about a year longer than the bottom of [Gazzola's] guidelines range [was] appropriate in this case." In addition, Gazzola received 5 years of supervised release with sex-offender conditions.

Gazzola now argues that (1) the district court erred by using the 1977 rape and 2009 assault to classify him as an armed career criminal under the ACCA; (2) the ACCA is unconstitutionally vague; and (3) his sentence and conditions for supervised release were procedurally unreasonable. We address these arguments in turn.

## II.

"The ACCA authorizes an enhanced prison term for a defendant who is (1) convicted of being a felon in possession of a firearm, and (2) has 'three previous convictions by any court . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another.'" *United States v. Mosley*, 339 F. App'x 568, 575 (6th Cir. 2009) (quoting 18 U.S.C. § 924(e)(1)) (alteration in original). Gazzola argues that the district court improperly counted two of his prior crimes from Washington toward the ACCA's three previous violent felony convictions requirement. We review de novo a district court's determination whether a defendant qualifies as an armed career criminal under the ACCA. *See United States v. Benton*, 639 F.3d 723, 729 (6th Cir. 2011); *United States v. LaCasse*, 567 F.3d 763, 765 (6th Cir. 2009).

## A.

Gazzola first argues that the district court erred by categorizing his 1977 rape conviction as a "conviction" under the ACCA. The ACCA states:

a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

18 U.S.C. § 921(a)(20)(B). Gazzola argues that the 1977 rape should not have counted as a conviction because the charges were dismissed under Washington Revised Code § 9.95.240. This argument, however, fails.

A person found guilty of rape in Washington is prohibited from possessing a firearm even after their conviction has been dismissed pursuant to § 9.95.240. *See* Wash. Rev. Code § 9.41.040(4)(a). Gazzola was convicted of rape. Under ACCA § 921(a)(20)(B), a dismissed conviction which "provides that the person may not . . . possess . . . firearms" is still a "conviction." This on its own is enough to affirm the district court's judgment with respect to the 1977 rape.

Were we to seek more support, however, the Washington Supreme Court recently considered the issue of whether crimes dismissed pursuant to § 9.95.240 could be considered "convictions" for purposes of Washington's Sentencing Reform Act. *See In Re Carrier*, 272 P.3d 209 (Wash. 2012) (en banc). The defendant in the case argued that his prior crime of indecent exposure should not be considered part of his criminal history for sentencing purposes. He argued, for the same reasons that Gazzola does here, that his crime could no longer be considered a "conviction." The Washington Supreme Court disagreed, holding that "while . . .[§] 9.95.240 releases the defendant from all penalties and disabilities associated with the conviction, it does not erase the fact of the conviction itself. Nor does it restrict the State's ability to use the conviction in a later prosecution for at least

some limited purposes." *Id*. at 215. Thus, Washington courts consider crimes dismissed under § 9.95.240 to be "convictions" for sentencing purposes. The district court, therefore, properly counted the 1977 rape as a conviction under the ACCA.

B.

Gazzola next argues that the district court erred by categorizing his 2009 assault as a qualifying felony under the ACCA. Pursuant to 18 U.S.C. § 924(e)(2)(B), a "qualifying felony" is "any crime punishable by imprisonment for a term exceeding one year." Excluded from that definition, however, is "any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less." 18 U.S.C. § 921(a)(20). Gazzola now contends that under Washington law his 2009 assault was a gross misdemeanor punishable by less than two years and, therefore, the district court improperly counted the crime as a qualifying felony under 18 U.S.C. § 921(a)(20).

To determine if the prior offense was a felony or a misdemeanor, we look to Washington's "statutory definition[s], charging document[s], written plea agreement[s] . . . and any explicit factual finding[s] by the trial judge." *Shepard v. United States*, 544 U.S. 13, 16 (2005). Gazzola's judgment demonstrates that he pleaded guilty to "Assault in the Third Degree" as defined by Washington Revised Code § 9A.36.031.1F. Assault in the third degree "is a Class C felony" punishable by up to five years of imprisonment under Washington law. Wash. Rev. Code. § 9A.36.031.1F; § 9A.20.021(1)(C). Gazzola responds that the judgment also notes that his crime was a gross misdemeanor, not a felony. While we acknowledge the ambiguity in the judgment, Washington's statutory definition for assault in the third degree clearly indicates that the crime is a felony. We

therefore hold that the district court properly classified the 2009 assault as a felony under the ACCA. *See Taylor v. United States*, 495 U.S. 575, 602 (1990) ("We think the only plausible interpretation of § 924(e)(2)(B)(ii) is that, like the rest of the enhancement statute, it generally requires the trial court to look only to the fact of conviction and the statutory definition of the prior offense.")

## III.

Gazzola next makes the perfunctory claim that the district court sentenced him as an armed career criminal pursuant to an unconstitutionally vague provision of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), commonly called the "residual clause." As we have held on more than one occasion, *see, e.g., United States v. Taylor*, 696 F.3d 628, 633 (6th Cir. 2012), this argument lacks merit. Because we are bound by our prior decisions—not to mention those of the Supreme Court—we hold that the district court did not err in sentencing Gazzola under the ACCA.

## IV.

Finally, Gazzola contends that his sentence is procedurally unreasonable. He makes two claims to this effect: First, he argues that the district court failed to adequately consider whether his medical condition and age justified a downward variance. Second, he argues that the district court failed to articulate its reasoning under 18 U.S.C. § 3553(a) for imposing sex-offender conditions on his supervised release.

We generally review sentences for procedural unreasonableness under an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). However, when a defendant fails to raise an objection at the district court level, our review is for plain error. *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc). On plain error review, a defendant must show "(1) error

(2) that was obvious or clear, (3) that affected [the] defendant's substantial rights and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings." *Id*. (internal quotation marks omitted). A sentence may be procedurally unreasonable if it is marked by "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range." *Gall*, 552 U.S. at 51.

### A.

First, Gazzola argues that the district court committed plain error by failing to adequately address his argument that he was entitled to a variance based on his medical condition and age. In responding to Gazzola's request for leniency, the district court listened extensively to arguments from both sides and then proceeded to hold that "the Bureau of Prisons with their, actually, pretty excellent medical facilities can accommodate any sort of physical problems that Mr. Gazzola may have."

Sometimes, only a brief explanation is required for sentencing decisions. The sentencing court must "set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority . . . . [but] normally need say no more." *Rita v. United States*, 551 U.S. 338, 356-57 (2007). The length of such an explanation depends on the circumstances and is left to the sentencing court's discretion. *See id*. at 356-58. Here, the district court's comment regarding the Bureau of Prison's excellent

medical facilities met these requirements.  Even if the brief explanation did not suffice, however, "any potential error was not 'plain.'"  *Vonner*, 516 F.3d at 387.

B.

Gazzola additionally argues that the district court committed plain error because it failed to properly consider 18 U.S.C. § 3553(a) sentencing factors when it imposed sex-offender conditions on his supervised release.  "A district court's failure to explain its reasons for imposing a special condition will be deemed harmless error . . . if such reasons are clear from the record."  *United States v. Carter*, 463 F.3d 526, 529 n.2 (6th Cir. 2006).  Here, Gazzola has a long history of rape and sexual assault convictions.  It is, therefore, clear from the record why the district court imposed the special sex-offender conditions on his supervised release.  Although the district court did not explicitly state a rationale, Gazzola's argument that this constitutes plain error fails.

V.

For the foregoing reasons, we affirm the sentence imposed by the district court.