**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0829n.06

No. 12-2666

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**

Sep 12, 2013

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| KEITHOLUS WATTS, | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: MERRITT and CLAY, Circuit Judges; STAFFORD, District Judge.[*]

PER CURIAM. Keitholus Watts, a federal prisoner, appeals through counsel the sentence imposed following his guilty plea to a charge of being a felon in possession of a firearm.

Watts entered his plea in 2012. Because he had three prior convictions "for a violent felony or a serious drug offense, or both," (18 U.S.C. § 924(e)(1)), he was subject to a mandatory minimum 180 months of imprisonment under the Armed Career Criminal Act (ACCA). 18 U.S.C. § 924(e). Section 924(e)(2)(A) and (B) define serious drug offenses and violent felonies, respectively. Watts argued below that the "residual clause" of 18 U.S.C. § 924(e)(2)(B)(ii), which defines a violent felony as one that "involves conduct that presents a serious potential risk of physical injury," is void for vagueness. That clause defines a violent felony as one that "involves conduct that presents a serious potential risk of physical injury." Watts argued that his prior conviction for third-degree fleeing and eluding police in a car should not qualify him as an armed career criminal due to the

---

[*]The Honorable William H. Stafford, Jr., United States District Judge for the Northern District of Florida, sitting by designation.

statute's vagueness. The district court heard argument from the parties on the issue and held against Watts. He was subsequently sentenced to 180 months of imprisonment.

Watts repeats his argument before this court. We review a district court decision on the constitutionality of a statute de novo. *United States v. Bowers*, 594 F.3d 522, 527 (6th Cir. 2010). In this case, we are bound by the Supreme Court's rejection of Watts' argument in *Sykes v. United States*, 131 S. Ct. 2267, 2277 (2011), and *James v. United States*, 550 U.S. 192, 210 n.6 (2007), as well as this court's previous rejection of the same argument in *United States v. LaCasse*, 567 F.3d 763, 764 (6th Cir. 2009). *See United States v. Taylor*, 696 F.3d 628, 633 (6th Cir. 2012).

Both the Supreme Court and this court have found that vehicle flight presents a serious potential risk of physical injury. *Sykes*, 131 S. Ct. at 2273-74; *United States v. Young*, 580 F.3d 373, 379-81 (6th Cir. 2009); *LaCasse*, 567 F.3d at 765-67; *United States v. Martin*, 378 F.3d 578, 582-84 (6th Cir. 2004). Thus, Watts cannot argue that his prior conviction had not been found to be a violent felony under the ACCA before he committed his current offense. *See United States v. Jones*, 689 F.3d 696, 701 (7th Cir. 2012), *cert. denied,* 133 S. Ct. 895 (2013) (holding that vagueness argument failed because Seventh Circuit had already found intentional vehicular fleeing to be a violent felony within the meaning of the ACCA). Therefore, the argument that the residual clause is unconstitutionally vague in this case is without merit.

Accordingly, we affirm the district court's judgment.